UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Civil Action No. 25-03517 (RBW) |

**JOINT STATUS REPORT**

Pursuant to the Court's June 5, 2026 Minute Order, Plaintiff Democracy Forward Foundation, and Defendants U.S. Office of Personnel Management ("OPM"), General Services Administration ("GSA"), U.S. Department of Housing and Urban Development ("HUD"), and Office of Management and Budget ("OMB") (collectively, "Defendants"), respectfully submit this joint status report in this action brought under the Freedom of Information Act ("FOIA"). The parties report as follows:

**OPM, Request No. 25-HQ-2031-F:** As previously reported, *see* ECF No. 18 at 1, OPM completed searches for parts 1 and 2 of this request and identified no responsive records. The parties agreed to narrow part 3, and OPM identified nine (9) pages, which OPM determined to withhold entirely under FOIA Exemptions 5 and 6.

**OPM, Request 25-HQ-2032-F:** OPM completed the search for parts 1 and 2 and identified no responsive records. Part 3 requests all instructions provided to staff concerning the use of artificial intelligence to analyze or otherwise review comments submitted in response to OPM's proposed rule on "Improving Performance Accountability and Responsiveness in the Civil

Service," which may also be referred to as "Schedule Policy/Career" or "Schedule P/C," or "Schedule F." On February 6, 2026, the Office of Chief Information Officer (OCIO) confirmed that OPM did not use artificial intelligence to analyze or otherwise review comments submitted in response to this proposed rulemaking. Based on this, OPM anticipates there will be no records responsive to Part 3 but intends to conduct a supplemental search. Since the last joint status report was filed, OPM recently hired new staff members who can assist with the supplemental search but require additional time to become familiar with OPM's internal FOIA processes and this case. OPM will share the volume (in pages, if there are any pages) with Plaintiff by September 20, 2026, and the estimated timeline for completing the review and release as soon as possible.

**GSA:** GSA has completed its search for records responsive to the plaintiff's request. GSA transmitted its third response to the plaintiff on April 30, 2026, reviewing 357 pages, which were referred to HUD. GSA transmitted its fourth response to the plaintiff on June 1, 2026, informing the plaintiff that GSA had reviewed 414 pages, that 118 pages were not responsive, and then referring 4 pages to OMB and 252 pages to HUD. GSA transmitted its fifth response to Plaintiff on July 30, 2026, informing Plaintiff that the responsiveness review is complete, that twenty-one (21) pages are pending review pursuant to Executive order 12600, 155 pages remain under agency review (including consultations with other agencies), and providing forty-four (44) pages with certain information withheld in part. This response included the four (4) pages initially referred to OMB on June 1, 2026. GSA continues to review the remaining records and expects to make its final production within 30 days.

**HUD:** HUD is continuing to process records. HUD expects to process over 300 pages per month and produce responsive, non-exempt documents every 30 days. HUD transmitted its third, fourth, and fifth responses on June 24, 2026, July 27, 2026, and August 26, 2026. Of the pages processed, 345 were identified as responsive records and produced to Plaintiff

**OMB:** In June 2026, OMB reviewed 300 pages and determined that none were responsive. In July 2026, OMB reviewed 300 pages, and within those, determined that 21 documents were responsive. OMB released six with partial redactions and withheld four in full, with the remaining pages either duplicates or nonresponsive. In August 2026, OMB reviewed 389 pages, and within those determined that 31 documents were responsive. OMB released 16 with partial redactions and withheld five documents in full, and determined that 10 were duplicates. The remaining pages were nonresponsive. Following OMB's June and July responses, Plaintiff raised questions regarding the scope and methodology of OMB's search and renews those questions in light of OMB's August production.

The parties agree that it is premature to determine whether summary judgment briefing will be required. The parties will continue to confer throughout the course of this action in an effort to reduce and resolve any disputes without necessitating the Court's involvement. The parties propose to submit a joint status report by October 1, 2026, informing the Cour of the status of this matter.

Dated: August 31, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *__/s/ Brett S. Covington*
BRETT S. COVINGTON
D.C. Bar #1003835
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-0888
Brett.Covington@usdoj.gov

*Counsel for Defendants*

*/s/ Anisha Hindocha*
ANISHA HINDOCHA
D.C. Bar #1725159
DANIEL MCGRATH
D.C. Bar #1531723
ROBIN F. THURSTON
D.C. Bar #7268942
Democracy Forward Foundation
PO Box 34553
Washington, D.C. 20043
(202) 448-9090
ahindocha@democracyforward.org
dmcgrath@democracyforward.org

rthurston@democracyforward.org

*Counsel for Plaintiff*